UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RALPH REDD,<br><br>Defendant. | Case No.: 10-CR-2740-W<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

On February 29, 2012, this Court sentenced Defendant Ralph Redd to 180 months imprisonment for sex trafficking of children, in violation of 18 U.S.C. § 1591, sexual exploitation of children, in violation of 18 U.S.C. § 2251, and distribution of images of minors engaged in sexually explicit content, in violation of 18 U.S.C § 2252(a)(2). Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that his hypothyroidism; increased risk of diabetes and high cholesterol; and family history of cancer, high blood pressure, hypertension, and asthma make him particularly vulnerable to becoming seriously ill from COVID-19.

1

18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on his behalf. Defendant has satisfied the exhaustion requirement and the Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentenced under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> 
> (II) suffering from a serious functional or cognitive impairment, or
> 
> (III) experiencing deteriorating physical or mental health because of the aging process,
> 
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii). Defendant's medical ailments do not meet these limitations. Defendant's controlled thyroid condition is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19. The other potential ailments listed by Defendant are purely conjecture and

thus do not rise to the level of a risk factor. Nor does the potential to contract COVID-19 generally, which threatens every non-immune person in the country. The Bureau of Prisons has a lengthy and detailed protocol addressing social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates.

Based on the foregoing, Defendant is not eligible for a sentence reduction due to extraordinary and compelling reasons under the USSG policy statement.

**IT IS SO ORDERED.**

Dated: August 27, 2020

_____
Hon. Thomas J. Whelan
United States District Judge